UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:23-cv-81418

Michael Shutler,

        Plaintiff,

  v.

Citizens Disability LLC,

        Defendant.

_____/

## CLASS ACTION COMPLAINT

### INTRODUCTION

1.     As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls…. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.     Defendant Citizens Disability LLC ("Citizens Disability") has contributed to this barrage of telephone spam by initiating illegal calls to Plaintiff Michael Shutler ("Shutler").

3.     Shutler wants this telephone spam to stop. Others do as well. Citizens Disability has already been sued 16 other times for telephone spam, but that has not caused Citizens Disability to stop spamming.

4.     Shutler brings this action individually, and on behalf of putative class members, to seek injunctive relief and damages.

### JURISDICTION AND VENUE

5.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA. 47 U.S.C § 227.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a significant portion of the events giving rise to this lawsuit occurred in this district.

## PARTIES

7.      Plaintiff Michael Shutler is a resident of Vero Beach, FL.

8.      Defendant Citizens Disability LLC is a Massachusetts-registered limited liability company with its principal place of business in Waltham, Massachusetts.

## FACTUAL ALLEGATIONS

9.      Shutler's home, phone, and privacy have been invaded by Citizens Disability's non-emergency calls.

10.     Shutler is the residential subscriber of the cell phone number 407-468-5587. Shutler uses this phone number at home. Shutler makes and takes personal calls and text messages on this phone number.

11.     Shutler registered the number 407-468-5587 on the national Do Not Call Registry ("DNCR") on February 11, 2023.

12.     Citizens Disability has initiated calls to Shutler at least six times, including the following:

    i. On 2.10.23, at 5:40 pm UTC, From #971-278-4668

    ii. On 8.07.23, at 1:42 pm UTC, From #435-261-9349

    iii. On 8.08.23, at 3:08 pm UTC, From #435-261-9349

    iv. On 8.09.23, at 3:06 pm UTC, From #435-261-9349

    v. On 8.09.23, at 3:07 pm UTC, From #435-261-9349

    vi. On 8.11.23, at 4:26 pm UTC, From #435-261-9349

13.     The call on August 8, 2023 left this voicemail: "This is James from Citizens Disability. Based on the information you recently provided you may qualify for social security disability benefits up to $3011 per month. I just have a few short questions before we can get you set up. Pressing one now will begin the process of getting you the benefits you deserve. If now

isn't the best time, but you'd like to speak with us tomorrow, press 2. If you don't think we can help, you and you'd like to be removed from our list please press three. (10-second pause) Pressing one now will begin the process of getting you the benefits you deserve. If now isn't the best time but you'd like to speak with us tomorrow press two. If you don't think we can help you and you'd like to be removed from our list please press three."

14.     Citizens Disability initiated the calls using a prerecorded or artificial voice. The calls sounded like a recording. The calls did not sound like a real person. The calls sounded robotic. The call had unnatural pauses. It was not possible to talk with the caller. The caller said to press certain numbers to talk with someone, which is not something a live person does.

15.     Citizen Disability first called Shutler on February 10, 2023, from a telephone number, 941-278-4668, that was owned by Citizen Disability. This fact was provided to plaintiff's counsel as a number that is owned by Citizen Disability from subpoena previously sent regarding a different matter.

16.     A call back to the number, 435-261-9349, which was the From number of six of the seven calls made to Shutler, resulted in a voice message that stated, "Thanks for your call, this is James from Citizens Disability…"

17.     In the prerecorded message sent to Shutler on August 8, 2023, the message stated it was from "James with Citizens Disability," clearly identifying the person and entity of who initiated the call.

18.     Shutler never provided his number 407-468-5587 to Citizens Disability, never had a relationship with Citizens Disability, and never gave permission for Citizens Disability to send any type of communication.

19.     The purpose of the calls were to sell Citizens Disability's attorney advocacy services. Their website states, "Citizens Disability has helped hundreds of thousands of hard-working Americans apply for and win their Social Security Disability Insurance (SSDI) Benefits. We are America's premier Social Security disability advocacy group." See www.citizensdisability.com.

3

20.     Citizens Disability charges 25% contingency for their services. Their website states, "In the vast majority of cases, the fee is 25% of the back-pay awarded to the claimant, up to a maximum of $6,000." See www.citizensdisability.com/applying-for-ssdi/are-there-any-costs-to-me-during-the-appeals-process.

21.     Citizens Disability's calls are a nuisance and annoyance to Shutler. The calls have invaded Shutler's privacy. The spam has diminished the value of Shutler's phone and Shutler's enjoyment of life.

## LEGAL STANDARD

22.     **Prerecorded or Artificial Voice**. The TCPA prohibits calls to cell phones using an "artificial or prerecorded voice" except for "emergency purposes" or with the "prior express consent" of the called party. 47 C.F.R. § 64.1200(a)(1). Calls that introduce an advertisement or constitute telemarketing require "prior express written consent." 47 C.F.R. § 64.1200(a)(2).

23.     **National Do Not Call Registry**. Residential telephone subscribers who do not want to receive telephone solicitations may place their phone number on the national DNCR. 47 C.F.R. § 64.1200(c)(2). The TCPA proscribes callers from making "any telephone solicitation to… [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2). Wireless telephone subscribers are allowed to place their number on the DNCR. 47 C.F.R. § 64.1200(e).

## CLASS ACTION ALLEGATIONS

24.     Pursuant to Civ. R. 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, Shutler brings this action on behalf of all other persons similarly situated throughout the United States.

25.     Shutler proposes the following Classes:

**The Prerecorded Voice Class**
All people in the United States (1) to whom Citizens Disability initiated one or more calls to their cellular telephone, (2) using a prerecorded or artificial voice, (3) within the last four years from the filing of this action.

**The DNCR Class**
All people in the United States (1) to whom Citizens Disability initiated more than one telephone solicitation within any 12-month period, (2) to their cellular telephone number, (3) while their phone number was listed on the national Do Not Call Registry, (4) within the last four years from the filing of this action.

26.     Shutler does not know the exact number of class members but reasonably believes the number to be in the thousands, thus making joinder of all class members impracticable.

27.     Class members are identifiable through phone records and phone number databases.

28.     There are questions of law and fact common to Shutler and the class member including but not limited to:

    i.   Whether Citizens Disability initiated the calls.

    ii.   Whether Citizens Disability's calls violated the law.

    iii.   Whether Shutler and class members are entitled to statutory damages, trebled damages, and injunctive relief.

29.     Shutler's claims are typical of the claims of the class members. Shutler's claims, like the class members' claims, arise out of the same common course of conduct by Citizens Disability and are based on the same legal and remedial theories.

30.     Shutler is an adequate representative of the class because Shutler's interests do not conflict with the interests of the class members, Shutler will fairly and adequately protect the interests of the class members, and Shutler is represented by counsel skilled and experienced in class actions, including TCPA class actions.

31.     Common questions of law and fact predominate over questions affecting only individual class members.

32.     Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the damages are statutory. Notice to class members can be provided by mail or other means. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters

illegal activities. There will be no significant difficulty in the management of this case as a class action.

33.     The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION
### Illegal Use of a Prerecorded or Artificial Voice
### (On Behalf of Plaintiff and the Prerecorded Voice Class)

34.     Citizens Disability violated 47 C.F.R. § 64.1200(a)(1)-(2) by using a prerecorded or artificial voice without consent and without an emergency purpose when initiating calls to Shutler and members of the Prerecorded Voice Class.

35.     Shutler and members of the Prerecorded Voice Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(b)(3).

36.     The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

37.     The court should enjoin such violations. *Id*.

## SECOND CAUSE OF ACTION
### Illegal Solicitation of Persons on the DNCR
### (On Behalf of Shutler and the Do Not Call Class)

38.     Citizens Disability violated 47 C.F.R. § 64.1200(c)(2) by initiating calls to Shutler and members of the DNCR Class while their phone numbers were on the DNCR.

39.     Shutler and members of the DNCR Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(c)(5).

40.     The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

41.     The court should enjoin such violations. *Id*.

**RELIEF REQUESTED**

Shutler respectfully requests the Court grant the following relief:

A.  Certification of the proposed Classes;

B.  Appointment of Shutler as class representative;

C.  Appointment of the undersigned as lead counsel for the Classes;

D.  Injunctive relief as set forth above;

E.  An award of damages to Shutler and class members, as allowed by law;

F.  An award of fees, costs, and interest, as allowed by law; and

G.  Orders granting such other relief as the Court deems necessary, just, and proper.

**JURY DEMAND**

Shutler requests a jury trial as to all claims of the Complaint so triable.


DATED October 25, 2023

Respectfully submitted,

*/s/ John Kauffman*
John Kauffman
Florida Bar No. 538205
LawHQ, PC
299 S. Main St. #1300
Salt Lake City, UT 84111
385-285-1090
john.kauffman@lawhq.com

*Lead Attorney for Plaintiff*