UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Michael Shutler,

    Plaintiff,

v.                                          CASE NO. 2:23-cv-14337-KMM-RMM

Citizens Disability LLC,

    Defendant.
_____/

**JOINT MOTION FOR
PRELIMINARY APPROVAL OF CLASS SETTLEMENT
AND MEMORANDUM IN SUPPORT**

# Table of Contents

I. INTRODUCTION ........................................................................................................... 3

II. BACKGROUND ............................................................................................................ 4

III. LEGAL STANDARD .................................................................................................... 5

IV. THE SETTLEMENT ...................................................................................................... 7

    A. The Settlement Class and Appointment of Class Counsel and Class Representative. ........................................................................................................ 7

    B. The Settlement Fund. ................................................................................................ 7

    C. Notice And Settlement Administration. .................................................................... 8

    D. Opt-Out and Objections Procedure .......................................................................... 9

V. ARGUMENT. ................................................................................................................ 10

    A. The Settlement Should Be Preliminarily Approved. .............................................. 10

    B. The Likelihood of Success at Trial and Range of Possible Recovery Favor Approving the Settlement. ...................................................................................... 11

    C. Complexity, Expense, and Duration of Further Litigation Favor Approving the Settlement. .............................................................................................................. 13

    D. Stage of Proceedings at Which Settlement Was Achieved Favors Approving Settlement. .............................................................................................................. 14

    E. Notice Plan. ............................................................................................................. 14

    F. Proposed Schedule. ................................................................................................. 15

VI. CONCLUSION. ............................................................................................................ 15

Pursuant to Federal Rule of Civil Procedure 23(e), Class Representative Michael Shutler ("Shutler"), on behalf of himself and all others similarly situated, and Defendant Citizens Disability LLC ("Citizens") respectfully request that the Court enter an Order (1) preliminarily approving the Parties' proposed Class Action Settlement Agreement and Release; (2) preliminarily certifying the Settlement Class, and appointing Plaintiff as Representative of the Settlement Class ("Class Representative"), and Plaintiff's counsel as Class Counsel for the Settlement Class ("Class Counsel"); (3) approving Epiq Class Action and Claims Solutions, Inc. ("Epiq"), as the Notice Administrator; (4) approving the form of Settlement Class Notice and its dissemination to the Class via the Notice Plan; and (5) scheduling the Final Approval Hearing.

## I.  INTRODUCTION

After more than a year of litigation and extensive arm's-length settlement negotiations, Shutler and Citizens have entered into a proposed Class Settlement Agreement and Release ("Settlement Agreement," attached as Exhibit A). The terms of the Settlement Agreement provide for a fundamentally fair, reasonable, and adequate resolution of the contested claims at issue. They therefore satisfy the criteria for preliminary approval.

The Settlement Agreement[1] provides for Citizens to pay $320,000 to establish a fund to pay Settlement Class Members who submit timely and valid claim forms. The Settlement Agreement further requires direct email notice to the approximately three thousand four hundred and twelve (3,412) potential Settlement Class Members with valid email addresses available to the Settlement Administrator. For those without valid email addresses available to the Settlement Administrator, a postcard notice will be mailed directly to those with reasonably available and valid mailing addresses. The Settlement Agreement also requires a dedicated Website, with toll-free telephone numbers for callers to reach the Settlement Administrator and Class Counsel. The

---

[1] Unless defined in this motion and memorandum, all defined terms in this motion and memorandum have the meanings set forth in the Settlement Agreement.

3

Settlement Fund will be distributed in its entirety, providing substantial monetary relief to all those who submit valid claims. None of it will revert to Citizens. Settlement Class Members who do not wish to collect payments under the settlement may "opt out" of the settlement, thereby preserving the right to individually pursue the claims at issue in this case. Settlement Class Members also have the option to stay in the Settlement Class and object to the proposed settlement.

Settlement Class Members will be advised of their rights and options through direct email and/or mail notice, publication notice, and a dedicated Website through which they can receive updates and submit questions, as well as a toll-free telephone number to contact the Settlement Administrator and a toll-free telephone number to contact Class Counsel. This type of notice has been regularly approved by courts as the best notice practicable. The proposed settlement provides concrete monetary benefits to Settlement Class Members on fair, reasonable, and adequate terms. As established below and in the Parties' other submissions, preliminary approval of the proposed settlement should be granted.

## II.   BACKGROUND

This case involves claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA prohibits making any call using an artificial or prerecorded voice, unless the caller has the "prior express consent" of the called party. 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides for injunctive relief and statutory damages. 47 U.S.C. § 227(b)(3).

Shutler filed his class action complaint against Citizens on October 23, 2023 related to prerecorded calls received on his cellular phone. [ECF No. 1]. The Parties engaged diligently in discovery and undertook extensive motion practice.

On December 15, 2023, Citizens filed a Motion to Dismiss the Complaint for Failure to State a Claim [ECF 11], a Motion to Strike Class Allegations [ECF 12], a Motion to Stay Discovery [ECF 13], and a Motion to Bifurcate Discovery [ECF 14]. Following the Parties' filing of responses and replies, the Court denied the Motion to Dismiss, Motion to Strike Class Allegations and Motion to Stay on April 19, 2024 [ECF 33], and denied the Motion to Bifurcate on June 11,

4

2024 [ECF 44]. Citizens filed an Answer and Counterclaim against Shutler on May 29, 2024. [ECF 35]. Shutler filed his Answer to the Counterclaim on June 21, 2024 [ECF 48].

Shutler filed his Motion to Certify Class and Motion to Appoint Counsel and Memorandum of Law in Support on July 8, 2024 [ECF 59]. On July 19, 2024, Citizens filed a Motion in Limine [ECF 66], Motion to Strike Declaration of Pipes.Ai [ECF 67], Motion for Summary Judgment on Counterclaim [ECF 68], and Motion to Disqualify Counsel [ECF 70]. By Orders entered on September 23, 2024, the Court granted Shutler's Motion to Certify Class [ECF 88] and denied Citizens Motion to Strike [ECF 88], Motion for Summary Judgment [ECF 86], and Motion to Disqualify Counsel [ECF 87]. Citizens' Motion in Limine was granted in part and denied in part. The Court ordered Shutler to submit a proposed schedule for class notice by September 19, 2024.

Citizens filed a petition for interlocutory review of the Order certifying the Class pursuant to Federal Rule of Civil Procedure 23(f) on September 23, 2024.

## III. LEGAL STANDARD

"[I]n analyzing any settlement, 'the clear policy in favor of encouraging settlements must . . . be taken into account.'" *Ass'n for Disabled Ams., Inc. v. Amoco Oil Co.*, 211 F.R.D., 457, 466 (S.D. Fla. 2002) (citation omitted); *see Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1314 (S.D. Fla. 2005) (same); *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977) (same). Moreover, "[i]n evaluating a settlement's fairness, 'it should [not] be forgotten that compromise is the essence of a settlement. The trial court should not make a proponent of a proposed settlement 'justify each term of settlement against a hypothetical or speculative measure of what concessions might [be] gained.'" *Ass'n for Disabled Ams.*, 211 F.R.D. at 467 (quoting *Cotton*, 559 F.2d at 1330); *Access Now, Inc. v. Claire's Stores, Inc.*, No. 00-14017-CIV, 2002 WL 1162422, at *4 (S.D. Fla. May 7, 2002) (same).

Approval of a class-action settlement is a two-step process. In the first step, the Court determines whether the proposed settlement should be preliminarily approved. *See* David F. Herr, Annotated Manual for Complex Litigation § 21.632 (4th ed. 2004). In the second step, after hearing

5

from any objectors and being presented with evidence to support the fairness of the settlement, the Court makes a final decision whether the settlement should be finally approved. *See id.* §§ 21.633-35.

"At the preliminary approval stage, the Court's task is to evaluate whether the settlement is within the 'range of reasonableness.'" *Mohamed v. American Motor Co.*, No. 1:15-cv-23352-MGC [ECF 376, ¶ 10] (S.D. Fla. Feb. 20, 2024) (citing 4 Newberg on Class Actions § 11.26). "A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." Manuel for Complex Litigation, Third, § 30.42 (West 1995). The Eleventh Circuit determines whether a settlement is fair, reasonable, and adequate through considering whether "(1) the class representative and counsel have adequately represented the class; (2) the proposal was negotiated at arm's length; (3) the relief for the class is adequate; and (4) the proposal treats class members equitably to each other." *Desouza v. Aerocare Holdings LLC*, No. 6:22-cv-1047-RBD-LHP, 2024 WL 1252384 at *3 (M.D. Fla. Mar. 25, 2024).

The Eleventh Circuit also considers the following factors: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved. *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984) (holding that a proposed settlement must be "fair, adequate and reasonable and [not] the product of collusion between the parties.").

In this case, the factors all weigh in favor of preliminarily approving the Settlement. The Settlement Agreement is comfortably within the realm of reasonableness and provides probable cause to provide notice of it to the Settlement Class.

## IV. THE SETTLEMENT
### A. The Settlement Class and Appointment of Class Counsel and Class Representative.

Pursuant to Federal Rule of Civil Procedure 23(3), the proposed Settlement would establish a Settlement Class, for settlement purposes only, defined as:

> All people in the United States (1) who answered one or more prerecorded calls from Citizens, (2) made from the Pipes.ai calling platform, (3) between 11/8/2019 to 10/25/2023, (4) and at the time of the call Citizens' only lead source for the person called was GrantsAssistanceForYou.com.

The Parties agree that Plaintiff Shutler should be appointed as Class Representative for the Settlement Class and Shutler's Counsel should be appointed as Class Counsel, consistent with this Court's previous Order. *See* ECF No. 114, 110.

### B. The Settlement Fund.

The proposed settlement would establish a three hundred twenty thousand dollar ($320,000) common fund for the Settlement Class ("Settlement Fund").

The Parties have agreed that the Settlement Fund would pay for: (1) all Settlement Administration Costs; (2) attorneys' fees and costs to Class Counsel, as approved by the Court; and (3) the Settlement Benefits to Settlement Class Members (as discussed in more detail below).

Settlement Class members who timely submit a valid Claim Form will receive a pro rata share of the Settlement Fund. Class Counsel will file a petition to the Court for an award of reasonable attorneys' fees in the amount of 30% of the Settlement Fund plus costs and expenses. The Settlement Fund is non-reversionary. The Settlement Fund would be a qualified settlement fund under Treasury Regulation Section 1.468B-1.

In exchange, the Settlement Class will release any and all claims or cause of action arising under 47 U.S.C. § 227(b) which have been, could have been, or in the future might be asserted against the Releasees or the Released Parties, as set forth in the Settlement Agreement, and that arise out of or relate to the prerecorded calls made by or on behalf of Defendant Citizens based

7

only on a lead source of GrantsAssistanceForYou.com, at any time between November 8, 2019 and October 25, 2023. ¶ 17.

### C. Notice And Settlement Administration.

The Settlement establishes a Notice Plan that will provide best practicable notice to Settlement Class Members. The Parties have agreed upon a robust notice process using third-party Epiq as the Notice Administrator. As detailed in the Declaration of Cameron R. Azari, Esq. on Settlement Notice Program ("Epiq Declaration" attached as Exhibit B) and below, the Parties (through Epiq) will provide direct email notice and/or mail notice, and will establish and maintain a website containing a long-form notice and relevant case documents—thereby providing potential members of the class with ample notice of this litigation, their due process rights, this proposed settlement, and other pertinent information. Epiq also will establish and maintain a toll-free telephone number dedicated to this Settlement. Class Counsel will also have a dedicated toll-free telephone number.

As noted, Epiq will conduct notice through an initial email notice to all identified Settlement Class Members with facially valid email addresses. *See* Exhibit C Short-Form Email Notice. A Postcard Notice will be sent to all Settlement Class Members whose email returns an undeliverable message or do not have a valid email address. *See* Exhibit D Short-Form Postcard Notice ("Postcard Notice"). The Postcard Notice will be mailed via United States Postal Service ("USPS") first class mail. The Notices will direct the identified members of the class to a dedicated case website, insert website, where they can access additional information. Furthermore, a toll-free telephone number managed by Epiq has been established to answer questions Settlement Class Members may have. Opt-out procedures are detailed in the Notices.

Within twenty-one (21) days after the entry of the Preliminary Approval Order, the Settlement Administrator will deliver to Settlement Class Members the Notice of the Settlement, along with instructions for opting-out or objecting to the Settlement. At that time, Epiq will also stand up, maintain, and administer a dedicated settlement Website containing information related

to the Settlement and related case filings. It will include all information necessary to file a claim, and an electronic version of the Claim Form that Settlement Class Members can download, complete, and submit electronically.[2] *See* Exhibit E Settlement Claims Form ("Claims Form"). It will further include the Long-Form Notice, the Claim Form, a copy of the Settlement Agreement, the Preliminary Approval Order, the Complaint, Answer, Order granting class certification, Class Counsel's request for attorneys' fees and costs, and any other materials the Parties agree to include. See

The Long-Form Notice available on the Website provides FAQs regarding the Settlement and potential Settlement Class Members' rights and options. The dedicated Website will allow for online submission of Claim Forms. These documents will be available on the Website no later than the Notice Deadline and will remain at least until Final Approval is granted by this Court.

Within twenty-one (21) days of Preliminary Approval, the Claims Administrator will also activate a toll-free telephone number dedicated to receiving toll-free calls related to the Settlement. Class Counsel will also have a dedicated toll-free telephone number should any potential Settlement Class Members have questions or require additional information.

The Notice involved is substantially the same as that previously approved by this Court. *See* ECF No. 110.

### D. Opt-Out and Objections Procedure

Settlement Class Members will have an opportunity to exclude themselves from the settlement or object to its approval. The deadlines for filing opt-out requests and objections will be conspicuously listed in the Notices, as well as on the settlement Website. The process for filing and/or submitting exclusions and objections will also be explained in the Notice and on the Website. With regard to objections, the Notice informs Settlement Class Members that the

---

[2] Settlement Class Members can also choose to download and print the Claim Form, and submit it by mail by a certain date (postmarked within 90 days after court-approved notice is issued).

objections should be filed with the Court. It also informs the Settlement Class Members of the Final Approval Hearing. The Notice also informs Settlement Class Members who do not opt out of the Settlement that they will be bound by the release.

The Parties also propose that the Court establish deadlines and procedures for objectors as set forth in the proposed notice (Exhibit F Long-Form Notice at 5-7) and the Settlement Agreement (Agreement ¶ 21) to ensure that that all interested persons are afforded a reasonable opportunity to be heard and that the Fairness Hearing may be conducted in an orderly, efficient, and just manner. First, the Parties propose that any Settlement Class Member hat wishes to object to the proposed Settlement do so by filing a written objection with the Court, containing all information required by the proposed Long-Form Notice no later than 45 days after entry of the Preliminary Approval Order Settlement Class Members. *See* Agreement ¶ 21. Any objector who does not properly and timely object in the manner set forth in the Long Form Notice will not have objections heard.

## V.   ARGUMENT.
### A.  The Settlement Should Be Preliminarily Approved.

The Settlement represents a fair and reasonable resolution of this dispute and is worthy of notice to, and consideration by, the Settlement Class Members. It will provide significant financial relief to participating Settlement Class Members and will relieve the Parties and Settlement Class Members of the burden, uncertainty, and risk of continued litigation.

Under Rule 23(e)(1)(C), a court may approve a class action settlement if it is "fair, adequate, and reasonable, and not a product of collusion." There is an initial presumption of fairness when a proposed class settlement "is the product of arm's length negotiations, sufficient discovery has been taken to allow the parties and the court to act intelligently, and counsel involved are competent and experienced." H. Newberg & A. Conte, Newberg on Class Actions § 11.41.

In considering whether a settlement is fair, reasonable, and adequate, the Eleventh Circuit considers whether "(1) the class representative and counsel have adequately represented the class;

(2) the proposal was negotiated at arm's length; (3) the relief for the class is adequate; and (4) the proposal treats class members equitably to each other." *Desouza*, 2024 WL 1252384 at *3. Class Counsel has adequately represented Plaintiff and the Class Members as evidenced by intensive motion practice, hearings, mediation, and appellate briefing, with Class Certification being granted. Throughout litigation, Class Counsel has consistently acted in the Class's best interest, which this Court already has recognized in denying Citizens' Motion to Disqualify Counsel and appointing LawHQ, P.C. as Class Counsel.

The settlement terms were negotiated at arms-length and offer adequate, equitable relief for the class members. Settlement communications were conducted over a series of days through in-depth phone calls and emails outlining specific terms for consideration. The negotiations were executed by attorneys experienced in class action litigation and knowledgeable on the legal and factual issues relevant to this action.

### B. The Likelihood of Success at Trial and Range of Possible Recovery Favor Approving the Settlement.

The first three *Bennett* Factors are concerned with the likelihood of success at trial, the range of possible recovery, and the fairness of that range. "[T]he benefit this settlement provides to the class should be compared with the likely recovery for the class at trial. This question implicates the first three of the *Bennett* factors, which are closely related." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 673 (S.D. Fla 2006) (internal citations omitted). Shutler believes that the claims as asserted and investigated throughout litigation are meritorious and would prevail if this matter proceeded to trial. Shutler alleged that Citizens violated the TCPA through initiating prerecorded telephone calls without consent and through initiating telephone solicitations while Shutler was on the DNCR. Shutler has established several facts to support the elements of his claims: (1) Citizens admitted in discovery to initiating prerecorded calls to Shutler; (2) the Court has acknowledged that the consent source from Shutler to Citizens was obtained from a website that fits the parameters of a consent farm, (3) the prerecorded voicemails indicate the calls were to

11

market Citizens services. Citizens denies the merits of Shutler's claims but acknowledges the risks of continued litigation.

"In considering the question of a possible recovery, the focus is on the possible recovery at trial. The Court's role is not to engage in a claim-by-claim, dollar-by-dollar evaluation, but to evaluate the proposed settlement in its totality. Moreover, the existence of strong defenses to the claims presented makes the possibility of a low recovery quite reasonable." *Lipuma v. American Express Co.*, 406 F.Supp.2d 1298, 1323-1324 (S.D. Fla 2005) (internal citations omitted).

Citizens is a privately held corporation, and its financial condition and ability to fund a settlement is considerably less than publicly-traded corporations. The entire Settlement Fund will be distributed for the benefit of Settlement Class Members and no proceeds will revert to Citizens. Settlement Class Members will receive a pro rata share of the Settlement Fund, after deduction of notice and settlement administration costs, and approved attorney's fees and costs. Based on past class action settlements, it is anticipated that Settlement Class Members who submit timely claims will receive a substantial amount per claim.[3] The Settlement represents a significant recovery, both in terms of the Settlement Fund and the anticipated recovery per Settlement Class Member.

The circumstances of the Defendant in relation to its ability to survive a judgment in favor of the Settlement Class at issue is also a relevant consideration. "Because class actions vary so widely in their circumstances, the trial judge is vested with broad discretionary control over the conduct of such actions enabling the presiding judge to respond fluidly to the varying needs of particular cases." *Officers for Justice v. Civil Service Com'n of City and County of San Francisco*, 688 F.2d 615, 633 (9th Cir. 1982). Absent a settlement, the final resolution of this action through the trial process may require several more months or years of protracted adversary litigation and

---

[3] It appears that all but two members of the Settlement Class received only one prerecorded call. Accordingly, almost every Settlement Class Member will not be entitled to a payout for multiple claims.

appeals, which may delay relief or eliminate any obtainable relief to Settlement Class Members. As noted, Citizens is a privately held corporation. The proposed Settlement imposes a significant financial burden on Citizens for the benefit of Settlement Class Members.

That this Settlement would eliminate the delay and expenses of litigation strongly weighs in favor of approval. *See, e.g.*, *In re Telectronics Pacing Sys.*, Inc., 137 F. Supp. 2d 985, 1013 (S.D. Ohio 2001). For class actions in particular, courts view settlement favorably because it "avoids the costs, delays and multitudes of other problems associated with them." *Id.* at 1013. "[C]lass action suits have a well deserved reputation as being most complex." *Cotton*, 559 F.2d at 1331. "The Court should consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise of the mere possibility of relief in the future, after protracted and extensive litigation. In this respect, [as this Court has observed] '[i]t has been held proper to take the bird in the hand instead of a prospective flock in the bush.'" *Borcea*, 238 F.R.D. at 674 (citation omitted). This is a complex case.

Accordingly, it is advantageous for Settlement Class Members to obtain this monetary relief without further delay and for sums certain. The proposed Settlement Agreement is the most realistic and the best current outcome as could be expected in the circumstances of this action, the Settlement Class Members and Citizens. Accordingly, it should be preliminarily approved and Notice provided to the Settlement Class.

### C. Complexity, Expense, and Duration of Further Litigation Favor Approving the Settlement.

The complexity, expense and duration of continued litigation are detailed above. The Parties have previously requested of the Court the opportunity to conduct additional discovery and file additional dispositive motions following the granting of class certification, the Parties would need to re-conduct pretrial preparations, attend the trial on the merits of Shutler's claims and Citizens' counterclaim, the losing party would likely file an appeal on final judgment, and Citizens is likely to re-file their interlocutory appeal previously pending before the Eleventh Circuit

Appellate Court. "Complex litigation can occupy the court's docket for years on end, depleting the resources of the parties and the taxpayers while rendering meaningful relief increasingly elusive." *Borcea*, 238 F.R.D. at 674 (cleaned up). Granting preliminary approval of the Settlement obviates the risks that are adherent to the complexity, expense, and duration remaining of any ongoing litigation without settlement.

### D. Stage of Proceedings at Which Settlement Was Achieved Favors Approving Settlement.

Settlement was achieved following the certification of a class and before the matter reached trial. "The stage of the proceedings at which a settlement is achieved is evaluated to ensure that Plaintiffs had access to sufficient information to adequately evaluate the merits of the case and weigh the benefits of settlement against further litigation." *Lipuma*, 406 F. Supp. 2d at 1324. The Parties had filed and received orders on multiple motions that addressed elements of the claims. The Parties had also completed discovery that produced ample information to evaluate the claims. At the stage at which settlement was achieved, the Parties were adequately informed to weigh the benefits of settlement against further litigation and determine settlement to be the optimal result.

### E. Notice Plan.

Federal Rule of Civil Procedure 23(c)(2)(B) requires that "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). "To satisfy due process, the notice 'must be sufficiently informative and give sufficient opportunity for response.'" *Borcea*, 238 F.R.D. 664, 677.

The Notice Plan detailed above and outlined in Epic's Declaration satisfies these requirements. As such, the Court should approve the Notice Plan and proposed forms.

### F. Proposed Schedule.

The Parties respectfully submit the following recommendations for deadlines in connection with preliminary and final approval of the Agreement:

| Proceedings | Deadline |
| --- | --- |
| Deadline for serving court-approved notice | Within 21 days of entry of Order preliminarily approving settlement |
| Deadline for submitting and/or mailing claim form | Within 90 days after court-approved notice is issued (must be postmarked or submitted) |
| Deadline for mailing opt-outs | Postmarked within 45 days after entry of Order preliminarily approving settlement |
| Deadline for filing objections | Filed with Court within 45 days after entry of Order preliminary preliminarily approving settlement |
| Deadline for Motion for Final Approval of the Settlement and Class Counsels' Fee Petition | No later than 30 days before Final Approval Hearing |
| Final Approval Hearing | No earlier than 121 days after entry of Order preliminarily approving settlement |

## VI. CONCLUSION.

Based on the foregoing, Plaintiffs respectfully request that this Court issue an order granting preliminary approval of the Settlement Agreement.

Dated:  December 18, 2024 				Respectfully submitted,

*/s/ David Mitchell*
David Mitchell
Florida Bar No. 067249
LawHQ, P.C.
299 S. Main St. #1300
Salt Lake City, UT 84111
385-285-1090 Ext. 30135
david.mitchell@lawhq.com

Thomas Alvord
Admitted *pro hac vice*
thomas@lawhq.com

Brittany Clark
Admitted *pro hac vice*
brittany.clark@lawhq.com

*Attorneys for Plaintiff*

*TROUTMAN AMIN, LLP*

*/s/ Jenniffer Cabrera*
Jenniffer Cabrera (FBN 1034545)
1825 NW Corporate Blvd, Ste. 100
Boca Raton, Florida 33431
Telephone: 561-834-0883
jenniffer@troutmanamin.com
Counsel for Defendant Citizens Disability, LLC.

*/s/ Eric J. Troutman*
Eric J. Troutman, *Pro Hac Vic*
400 Spectrum Center Drive, Suite 1550
Irvine, California 92618
Telephone: 949-761-5021
troutman@troutmanamin.com

*Counsel for Defendant Citizens Disability, LLC.*