UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Michael Shutler,

    Plaintiff,

    v.                                           CASE NO. 2:23-cv-14337-KMM-RMM

Citizens Disability LLC,

    Defendant.
_____/

**UNOPPOSED MOTION FOR
FINAL APPROVAL OF CLASS SETTLEMENT
AND MEMORANDUM IN SUPPORT**

**Table of Contents**

I. INTRODUCTION ................................................................................................................ 1
II. BACKGROUND ................................................................................................................. 1
   A. Shutler's allegations and procedural history .................................................................. 1
   B. The Settlement .............................................................................................................. 3
      i. Defined Class. ......................................................................................................... 3
      ii. Monetary relief. ...................................................................................................... 3
      iii. Release upon final approval. ................................................................................. 4
      iv. Attorneys' fees and costs. ...................................................................................... 4
   C. Notice ............................................................................................................................ 4
III. LEGAL STANDARD ........................................................................................................ 5
IV. ARGUMENT: THE SETTLEMENT SHOULD BE FINALLY APPROVED ................ 7
   A. Rule 23(e) and *Bennett* factors are satisfied ................................................................. 7
      i. Plaintiff and Class Counsel have adequately represented the Class, obtaining an exceptional Settlement. ................................................................................................. 7
      ii. The Settlement is the result of arms-length negotiations. ..................................... 8
      iii. Success at trial uncertain. ...................................................................................... 9
      iv. The recovery under the Settlement is substantial ............................................... 10
      v. Continued litigation would be lengthy, complex, and expensive. ...................... 11
      vi. There has been no opposition to the Settlement ................................................. 11
      vii. The Settlement provides for a straightforward claims process. ......................... 12
      viii. Stage at which Settlement was achieved favors final approval ........................ 12
      ix. The Settlement Agreement contains all agreed upon terms. .............................. 13
   B. The Notice Program satisfies Rule 23 and Due Process and constitutes the best notice practicable. ........................................................................................................................ 13
   C. Final certification of the Settlement Class is appropriate ........................................... 13
V. CONCLUSION. ................................................................................................................ 14

# **Table of Authorities**

**Cases**

*Access Now, Inc. v. Claire's Stores, Inc.*,
   No. 00-14017-CIV, 2002 WL 1162422 (S.D. Fla. May 7, 2002)...............................................9

*Ashkenazi v. Bloomingdale's, Inc.*,
   No. 3:15-CV-2705, ECF No. 55 (D.N.J. Dec. 21, 2018).........................................................15

*Ass'n for Disabled Ams., Inc. v. Amoco Oil Co.*,
   211 F.R.D., 457 (S.D. Fla. 2002)...........................................................................................9

*Behrens v. Wometco Enterprises, Inc.*,
   118 F.R.D. 534 (S.D. Fla. 1988)..........................................................................................14

*Bennett v. Behring Corp.*,
   737 F.2d 982 (11th Cir. 1984) ..............................................................................................10

*Borcea v. Carnival Corp.*,
   238 F.R.D. 664 (S.D. Fla. 2006)..........................................................................................14

*Cotton v. Hinton*,
   559 F.2d 1326 (5th Cir. 1977) .........................................................................................9, 13

*De Los Santos v. Millward Brown, Inc.*,
   No. 9:13-cv-80670-DPG, 2015 WL 11438497 (S.D. Fla. Sept. 11, 2015)..............................15

*Desouza v. Aerocare Holdings LLC*,
   No. 6:22-cv-1047-RBD-LHP, 2024 WL 1252384 (M.D. Fla. Mar. 25, 2024).........................10

*Drazen v. Pinto*,
   106 F.4th 1302 (11th Cir. 2024) ..............................................................................................8

*Figueroa v. Sharper Image Corp.*,
   517 F. Supp. 2d 1292 (S.D. Fla. 2007) ................................................................................13

*Hanley v. Tampa Bay Sports & Ent. LLC*,
   No. 819CV00550CEHCPT, 2020 WL 2517766 (M.D. Fla. Apr. 23, 2020) ......................11, 12

*Hugo on behalf of BankAtlantic Bancorp, Inc. v. Levan*,
   No. 06-61018-civ, 2011 WL 13173025 (S.D. Fla. July 12, 2011) ..........................................14

*In re Telectronics Pacing Sys.*, Inc.,
   137 F. Supp. 2d 985 (S.D. Ohio 2001) ................................................................................. 13

*Lipuma v. Am. Express Co.*,
   406 F. Supp. 2d 1298 (S.D. Fla. 2005) ............................................................................ 9, 16

*M.D. v. Centene Corp., Inc.*,
   No. 1:18-cv-22372-JB, 2020 WL 7585033 (S.D. Fla. Oct. 7, 2020)....................................... 16

*Nelson v. Mead Johnson & Johnson Co.*,
   484 F. App'x 429 (11th Cir. 2012) ....................................................................................... 11

*Newman v. Stein,*
   464 F.2d 689, 693 (2d Cir. 1972)......................................................................................... 14

*Retina Assocs. Med. Grp., Inc. v. Keeler Instruments, Inc.*,
   No. SACV1801358CJCDFMX, 2019 WL 13043767 (C.D. Cal. Dec. 13, 2019) ................... 15

*Roll v. Enhanced Recovery Co., LLC*,
   2023 U.S. Dist. LEXIS 44625 (M.D. Fla. Mar. 16, 2023)..................................................... 10

*Saccoccio v. JP Morgan Chase Bank, N.A.,*
   297 F.R.D. 683 (S.D. Fla. 2014).......................................................................................... 14

*Warren v. City of Tampa*,
   693 F. Supp. 1051 (M.D. Fla. 1988)..................................................................................... 12

**Statutes**

47 U.S.C. § 227................................................................................................................................ 5

**Other Authorities**

Consumers and Class Actions: A Retrospective and Analysis of Settlement Campaigns at 11,
   Fed. Trade Commission (Sep. 2019) .................................................................................... 15

David F. Herr, Annotated Manual for Complex Litigation § 21.632 (4th ed. 2004)....................... 9

Managing Class Action Litigation: A Pocket Guide for Judges, p. 27 (3d ed. 2010) .................. 17

Manual for Complex Litigation, Third, § 30.42 (West 1995) ...................................................... 10

**Rules**

Federal Rule of Civil Procedure 23 ..................................................................................... 5, 6, 9

Pursuant to Federal Rule of Civil Procedure 23 and this Court's preliminary approval Order [ECF No. 161], Plaintiff and Class Representative Michael Shutler ("Shutler"), on behalf of himself and all others similarly situated, and Defendant Citizens Disability LLC ("Citizens") (collectively, the "Parties") respectfully request that the Court enter an Order (1) granting final approval of the Settlement as fair, reasonable, and adequate; (2) granting final certification to the Settlement Class; and (iii) finding that the notice program set forth in Paragraphs 8 and 9 of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order satisfies the requirements of Federal Rule of Civil Procedure 23(c) and (e), as well as Due Process, and constitutes the best notice practicable under the circumstances.

## I.  INTRODUCTION

On January 31, 2025 the Court preliminarily approved a class action settlement ("Settlement" or "Settlement Agreement") between Plaintiff and Citizens. [ECF No. 126; *see also* ECF No. 121-1]. The Court also preliminarily certified the proposed Settlement Class. Since preliminary approval was granted, notice was successfully disseminated pursuant to the Order and Section 8 of the Settlement. There has been no opposition to the Settlement. There have been no objectors and no opt-outs. The Parties now respectfully move the Court for final approval of the Settlement and final certification of the Settlement Class. The terms of the Settlement Agreement provide for a fundamentally fair, reasonable, and adequate resolution of the contested claims at issue. The Settlement should therefore be given final approval.

## II.  BACKGROUND
### A.  Shutler's allegations and procedural history

This case involves claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA prohibits making any call using an artificial or prerecorded voice, unless the caller has the "prior express consent" of the called party. 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides for injunctive relief and statutory damages. 47 U.S.C. § 227(b)(3). Shutler filed his class action complaint against Citizens on October 23, 2023 related to prerecorded calls

1

received on his cellular phone. [ECF No. 1]. The Parties engaged diligently in discovery and undertook extensive motion practice.

On December 15, 2023, Citizens filed a Motion to Dismiss the Complaint for Failure to State a Claim [ECF No. 11], a Motion to Strike Class Allegations [ECF No. 12], a Motion to Stay Discovery [ECF No. 13], and a Motion to Bifurcate Discovery [ECF No. 14]. Following the Parties' filing of responses and replies, the Court denied the Motion to Dismiss, Motion to Strike Class Allegations and Motion to Stay on April 19, 2024 [ECF No. 33], and denied the Motion to Bifurcate on June 11, 2024 [ECF No. 44]. Citizens filed an Answer and Counterclaim against Shutler on May 29, 2024. [ECF No. 35]. Shutler filed his Answer to the Counterclaim on June 21, 2024 [ECF No. 48].

Shutler filed his Motion to Certify Class and Motion to Appoint Counsel and Memorandum of Law in Support on July 8, 2024 [ECF No. 59]. On July 19, 2024, Citizens filed a Motion in Limine [ECF No. 66], Motion to Strike Declaration of Pipes.Ai [ECF No. 67], Motion for Summary Judgment on Counterclaim [ECF No. 68], and Motion to Disqualify Counsel [ECF No. 70]. By Orders entered on September 23, 2024, the Court granted Shutler's Motion to Certify Class [ECF No. 88] and denied Citizens Motion to Strike [ECF No. 88], Motion for Summary Judgment [ECF No. 86], and Motion to Disqualify Counsel [ECF No. 87]. Citizens' Motion in Limine was granted in part and denied in part. [ECF No. 102]. The Court ordered Shutler to submit a proposed schedule for class notice by September 19, 2024. [ECF No. 88 at 18].

Citizens filed a petition for interlocutory review of the Order certifying the Class pursuant to Federal Rule of Civil Procedure 23(f) on September 23, 2024. A settlement was reached in principle on November 14, 2024. The Parties continued finalizing the terms of the settlement and jointly moved for preliminary approval of the class settlement on December 18, 2024. [ECF No. 121]. This Court preliminarily approved the settlement on January 31, 2025. [ECF No. 126].

### B. The Settlement

The terms of the Settlement Agreement were outlined and discussed at length in the Parties' Joint Motion for Preliminary Approval. [*See* ECF No. 121]. Accordingly, only the key terms will be summarized here.

#### i. *Defined Class.*

The Settlement Class is defined as follows:

> All people in the United States (1) who answered one or more prerecorded calls from Citizens, (2) made from the Pipes.ai calling platform, (3) between 11/8/2019 to 10/25/2023, (4) and at the time of the call Citizens' only lead source for the person called was GrantsAssistanceForYou.com.

[ECF No. 121-1 ¶ 3; *see also* ECF No. 126]. The Settlement Class consists of 3,411 people.

Excluded from the Settlement Class are Defendant Citizens Disability LLC, including any of its parents, subsidiaries, affiliates, or controlled persons, as well as its officers, directors, agents, servants, and employees, and the immediate family members of such persons, and the judges and staff of the United States District Court for the Southern District of Florida. [ECF No. 121-1 ¶ 3].

#### ii. *Monetary relief.*

The Settlement Agreement requires Citizens to establish a Settlement Fund of $320,000 which will be awarded *pro rata* to each Class Member who submits an Approved Claim. [ECF No. 121-1 ¶¶ 6, 7, 9]. The common Settlement Fund is inclusive of an attorneys' fee award of 30% along with costs and the notice and administration costs. [*Id.* ¶¶ 6, 10].

### *iii.    Release upon final approval.*

Upon final approval, and in exchange for the consideration from Citizens, members of the Settlement Class who do not opt out will have released all Released Claims against the Released Parties, *id.* ¶ 17, and this case will be dismissed with prejudice.

### *iv.    Attorneys' fees and costs.*

As contemplated by the Settlement Agreement and detailed in the Joint Motion for Preliminary Approval, Class Counsel has contemporaneously applied to the Court seeking an award of attorneys' fees and costs in the amounts of $96,000 and $5,000, respectively. Any fees and costs awarded will come out of the total amount of the Settlement Fund. The Settlement Fund represents a common fund for purposes of determining the reasonableness of a percentage fee award. *See Drazen v. Pinto*, 106 F.4th 1302, 1339–40 (11th Cir. 2024). Class Counsel seeks this award to compensate for all of the work already performed in this case, all of the work remaining to be performed in connection with the Settlement, and the risks undertaken in prosecuting this case, as well as reimbursement of out-of-pocket litigation costs. Shutler and Citizens applied to the Court for the award of attorneys' fees and costs jointly.

### C. Notice

Notice was provided by email and postcard mail in the manner approved by this Court in the preliminary approval Order and as described by the notice administrator.

As of May 20, 2025, an Email Notice and/or Postcard Notice was delivered to 3,222 of the 3,411 unique, identified Settlement Class members. This means the individual notice efforts reached approximately 94.4% of the identified Settlement Class. [Exhibit A: Declaration of Cameron R. Azari, Esq. ("Epiq Decl.") ¶ 6]. The Notice process therefore

4

was successful and reached Class Members at the best practicable rate under the circumstances.

Moreover, in accord with the Settlement Agreement, the instant motion and the contemporaneously filed Joint Motion for an Award of Attorneys' Fees and Costs will be posted on the Settlement website.

## III.   LEGAL STANDARD

"[I]n analyzing any settlement, 'the clear policy in favor of encouraging settlements must . . . be taken into account.'" *Ass'n for Disabled Ams., Inc. v. Amoco Oil Co.*, 211 F.R.D., 457, 466 (S.D. Fla. 2002) (citation omitted); *see Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1314 (S.D. Fla. 2005) (same); *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977) (same). Moreover, "[i]n evaluating a settlement's fairness, 'it should [not] be forgotten that compromise is the essence of a settlement. The trial court should not make a proponent of a proposed settlement 'justify each term of settlement against a hypothetical or speculative measure of what concessions might [be] gained.'" *Ass'n for Disabled Ams.*, 211 F.R.D. at 467 (quoting *Cotton*, 559 F.2d at 1330); *Access Now, Inc. v. Claire's Stores, Inc.*, No. 00-14017-CIV, 2002 WL 1162422, at *4 (S.D. Fla. May 7, 2002) (same).

Approval of a class-action settlement is a two-step process. In the first step, the Court determines whether the proposed settlement should be preliminarily approved. *See* David F. Herr, Annotated Manual for Complex Litigation § 21.632 (4th ed. 2004). In the second step, after notice and hearing from any objectors and being presented with evidence to support the fairness of the settlement, the Court makes a final decision whether the settlement should be finally approved. *See id.* §§ 21.633-35.

"In deciding whether to finally approve a class action settlement, courts must consider the Federal Rule of Civil Procedure 23(e)(2) factors, which assure that the Agreement is 'fair, reasonable, and adequate' based on several factors such as whether the relief is adequate and the

5

settlement treats all members equitably." *Roll v. Enhanced Recovery Co., LLC*, 2023 U.S. Dist. LEXIS 44625, *2 (M.D. Fla. Mar. 16, 2023) (Dalton, J.) (quoting Fed. R. Civ. P. 23(e)(2). Here, as discussed below, the relief to Class Members is robust, particularly when compared to other settlements in this space. Furthermore, the Settlement contains no *cy pres* and is non-reversionary. All Class Members are treated equitably.

At the final approval stage, like here, a district court should presume that the settlement is fair, adequate, and reasonable. *See* Manual for Complex Litigation, Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery."). The Eleventh Circuit determines whether a settlement is fair, reasonable, and adequate through considering whether "(1) the class representative and counsel have adequately represented the class; (2) the proposal was negotiated at arm's length; (3) the relief for the class is adequate; and (4) the proposal treats class members equitably to each other." *Desouza v. Aerocare Holdings LLC*, No. 6:22-cv-1047-RBD-LHP, 2024 WL 1252384 at *3 (M.D. Fla. Mar. 25, 2024).

District courts must also consider the following factors which overlap with Federal Rule 23(e): (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved. *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984) (holding that a proposed settlement must be "fair, adequate and reasonable and [not] the product of collusion between the parties."). These factors were discussed at length in the Parties' Joint Motion for Preliminary Approval and in the Court's orders granting preliminary approval. [ECF No. 121, 126]. These factors will be discussed again here for convenience.

In evaluating a proposed class action settlement, "the district court may rely upon the judgment of experienced counsel for the parties." *Nelson v. Mead Johnson & Johnson Co.*, 484 F.

6

App'x 429, 434 (11th Cir. 2012). "Absent fraud, collusion, or the like, the district court should be hesitant to substitute its own judgment for that of counsel." *Id.* "There exists 'an overriding public interest in favor of settlement, particularly in class actions that have the well-deserved reputation as being the most complex.'" *Hanley v. Tampa Bay Sports & Ent. LLC*, No. 819CV00550CEHCPT, 2020 WL 2517766, at *3 (M.D. Fla. Apr. 23, 2020) (quoting *Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1314 (S.D. Fla. 2005)).

In this case, the factors all weigh in favor of approving the Settlement. The Settlement Agreement is reasonable and fair.

## IV. ARGUMENT: THE SETTLEMENT SHOULD BE FINALLY APPROVED
### A. Rule 23(e) and *Bennett* factors are satisfied

#### i. *Plaintiff and Class Counsel have adequately represented the Class, obtaining an exceptional Settlement.*

Both Shutler and Class Counsel have adequately represented the Class in this case. Shutler has adequately represented all Class Members in this action by achieving a Settlement that provides for a common fund of $320,000 inclusive of attorneys' fees and administration costs for the potential 3,411 Class Members. In addition, Shutler has been actively involved throughout the course of the litigation and settlement, assisting Class Counsel in investigating claims on an individual basis, reviewing case documents, remaining apprised of the litigation, appearing for in-person depositions and mediation, as well as overseeing settlement negotiations. Moreover, Shutler's efforts, including the risks he voluntarily took as well as the time he expended supporting the litigation, were crucial to achieving the exceptional result for the Settlement Class.

Class Counsel have also fully and adequately represented all members of the Settlement Class. Class Counsel vigorously litigated this case including: (a) extensive pre-filing investigation; (b) drafting and filing the initial complaint; (c) successfully opposing Defendants' motion to

dismiss, motion to bifurcate, and motion to strike class allegations; (d) participating in discovery, including multiple in-person depositions; (e) obtaining and reviewing extensive data produced by Citizens related to the identification of class members and class damages; (f) negotiating stipulations; (g) drafting motions for class certification and responding to other motions; and (h) ultimately successfully negotiating the Settlement now before the Court. Class Counsel's efforts demonstrate that they vigorously and zealously represented the Class. It is Class Counsel's informed opinion that this Settlement represents an exceptional result and is in the best interest of the Class. [*See* Exhibit B: Declaration of Brittany Clark, Esq. ("Clark Decl.") ¶¶ 4-14; *see also Warren v. City of Tampa*, 693 F. Supp. 1051, 1054 (M.D. Fla. 1988) ("affording great weight to the recommendations of counsel for both parties, given their considerable experience in this type of litigation.").

### ii.    *The Settlement is the result of arms-length negotiations.[1]*

"Where the parties have negotiated at arm's length, the Court should find that the settlement is not the product of collusion." *Hanley*, 2020 WL 2517766, at *3 (citing *Saccoccio v. JP Morgan Chase Bank, N.A.*, 297 F.R.D. 683, 691 (S.D. Fla. 2014)).

The Settlement in this case was the result of rigorous litigation and motion practice and with a trial deadline quickly approaching. Both Parties negotiated through counsel at arm's length and after a mediation session. There was no fraud or collusion in reaching the Settlement. *See* Clark Decl. ¶ 8. The settlement terms offer adequate, equitable relief for the class members. Settlement communications were conducted over a series of days through in-depth phone calls and emails outlining specific terms for consideration. The negotiations were conducted by attorneys

---

[1] This factor overlaps with Fed. R. Civ. P. 23(e)(2)(B), requiring the proposal to be negotiated at arm's length.

experienced in class action litigation and knowledgeable on the legal and factual issues relevant to this action.

### iii.     *Success at trial uncertain.*[2]

The "likelihood of success at trial" is an "important factor in evaluating a class action settlement." *Figueroa v. Sharper Image Corp.*, 517 F. Supp. 2d 1292, 1323 (S.D. Fla. 2007). Here, success at trial was uncertain for several reasons, and continued litigation could have taken many more months or years before an ultimate finding of liability and recovery.

Citizens alleged that it had prior express consent to make the calls at issue, among other potential affirmative defenses. And while Shutler is confident in his position on those issues, they still remained defenses and questions that would need to be overcome at trial to impose liability. Citizens also petitioned for interlocutory review of the Court's certification order, which would potentially cause further impediments toward a finding of liability and ultimate recovery for Shutler and the Class Members.

Absent a settlement, the final resolution of this action through the trial process may require several more months or years of protracted adversary litigation and appeals, which may delay relief or eliminate any obtainable relief to Settlement Class Members. That this Settlement would eliminate the delay and expenses of litigation strongly weighs in favor of approval. *See, e.g.*, *In re Telectronics Pacing Sys.*, Inc., 137 F. Supp. 2d 985, 1013 (S.D. Ohio 2001). For class actions in particular, courts view settlement favorably because it "avoids the costs, delays and multitudes of other problems associated with them." *Id.* at 1013.

"[C]lass action suits have a well deserved reputation as being most complex." *Cotton*, 559 F.2d at 1331. "The Court should consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise of the mere possibility of relief in the future,

---

[2] This factor overlaps with Fed. R. Civ. P. 23(e)(2)(C)(i), requiring the Court to take into account the costs, risks, and delay of trial and appeal.

9

after protracted and extensive litigation. In this respect, [as this Court has observed] '[i]t has been held proper to take the bird in the hand instead of a prospective flock in the bush.'" *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 674 (S.D. Fla. 2006) (citation omitted). This is a complex case.

### iv.     *The recovery under the Settlement is substantial*[3]

"The second and third considerations of the *Bennett* test are easily combined. A district (?) court first determines the range of recovery by resolving various damages issues. The court then determines where in this range of possible recovery do fair, adequate, and reasonable settlements lie." *Behrens v. Wometco Enterprises, Inc.*, 118 F.R.D. 534, 541 (S.D. Fla. 1988). "The range of possible recovery spans from a finding of non-liability to a varying range of monetary and injunctive relief." *Saccoccio*, 297 F.R.D. at 593. "A settlement can be satisfying even if it amounts to a hundredth or even a thousandth of a single percent of the potential recovery." *Behrens*, 118 F.R.D. at 542.

"The determination of a reasonable settlement is not susceptible of a mathematical equation yielding a particularized sum." *Hugo on behalf of BankAtlantic Bancorp, Inc. v. Levan*, No. 06-61018-civ, 2011 WL 13173025, at *8 (S.D. Fla. July 12, 2011) (quotation marks omitted); *see also Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972) ("[I]n any case there is a range of reasonableness with respect to a settlement – a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion[.]").

The Settlement in this case is eminently fair and reasonable. The Settlement Agreement here provides excellent recovery to Settlement Class Members, especially in comparison to other TCPA settlements. Potential damages at trial would have ranged from $0 (on a finding of non-liability and/or that no damages were warranted) to a finding of full liability and recovery of $500 per violation. As a result of the Settlement, it is estimated that each Class Member will obtain

---

[3] This factor overlaps with Fed. R. Civ. P. 23(e)(2)(C), requiring the relief to be adequate.

approximately $400-500 per claim. This is an excellent and substantial recovery in the TCPA settlement context. As one court noted, most TCPA settlements result in a "range from $20 to $100 per-class member." *Retina Assocs. Med. Grp., Inc. v. Keeler Instruments, Inc.*, No. SACV1801358CJCDFMX, 2019 WL 13043767, at *3 (C.D. Cal. Dec. 13, 2019); *see also De Los Santos v. Millward Brown, Inc.*, 9:13-cv-80670-DPG, 2015 WL 11438497 (S.D. Fla. Sept. 11, 2015) (granting final approval to settlement providing for maximum cash benefit of $11,000,000 and $50 per claim); *Ashkenazi v. Bloomingdale's, Inc.*, No. 3:15-CV-2705, ECF No. 55 (D.N.J. Dec. 21, 2018) (approving settlement valued at $1.4 million that provides for $25 cash payments or $50 vouchers per claim); *Degnen v. Gerzog*, No. 4:15-CV-1103, ECF No. 47 (E.D. Mo. April 20, 2016) (approving $1.6 million settlement that provides for $100 per claim).

Accordingly, the Settlement in this case is well within the range of reasonableness and potential recovery.

### v. *Continued litigation would be lengthy, complex, and expensive.*

As noted, this case presents legal issues that, if resolved in Citizens' favor, would bar recovery altogether, and if resolved in Shutler's favor, would nevertheless result in uncertain damages. And regardless of which side prevailed, and regardless of any damages awarded, appeals would almost certainly follow, particularly given the ever-shifting TCPA landscape.

### vi. *There has been no opposition to the Settlement*

There has been no objection and no opt-out to the Settlement. Epiq Decl. ¶ 22. To the contrary, as of May 13, 2025, nearly 10% of Class Members have submitted claims. *See* Epiq Decl. ¶ 24. As the claims deadline has not yet passed and the process remains ongoing, the final claims rate could easily reach between 10%-15%. This is an ideal number in a TCPA class settlement. *See, e.g.*, Consumers and Class Actions: A Retrospective and Analysis of Settlement Campaigns at 11, Fed. Trade Commission (Sep. 2019), https://www.ftc.gov/system/files/documents/reports/consumers-classactions-retrospective-analysis-settlement-campaigns/class_action_fairness_report_0.pdf (study of 149 consumer class

11

action settlements finding that the median claims rate for consumer class action settlements was 9%, and that the weighted mean was 4%). Additionally, the Class Members have interacted with the Settlement Website and toll-free phone number. As of May 20, 2025, there had been 8,807 unique visitor sessions to the Settlement Website, and 62,585 web pages have been presented, and 261 minutes of telephone line use. Epiq Decl. ¶¶ 19, 20.

Thus, as demonstrated by the participation of Class Members and lack of objectors, the Settlement enjoys the overwhelming support of the Settlement Class. *See M.D. v. Centene Corp., Inc.*, No. 1:18-cv-22372-JB, 2020 WL 7585033, at *7 (S.D. Fla. Oct. 7, 2020) (finding the "low percentage of objections demonstrates the reasonableness of [the] settlement, and supports its approval as fair and reasonable." (internal quotation omitted)).

### vii. *The Settlement provides for a straightforward claims process.*

Under the Settlement, each Settlement Class Member may submit a claim form per prerecorded call that they received. [ECF No. 121-1 ¶ 9]. Claim forms may be submitted by fax, by mail, or electronically through the Settlement Website. The Claim Form is a simple form that is easy to complete without assistance. As such, the method to distribute relief is both simple and efficient.

### viii. *Stage at which Settlement was achieved favors final approval*

Settlement was achieved following the certification of a class and before the matter reached trial. "The stage of the proceedings at which a settlement is achieved is evaluated to ensure that [p]laintiffs had access to sufficient information to adequately evaluate the merits of the case and weigh the benefits of settlement against further litigation." *Lipuma*, 406 F. Supp. 2d at 1324. The Parties had filed and received orders on multiple motions that addressed elements of the claims. The Parties had also completed discovery that produced ample information to evaluate the claims.

At the stage at which settlement was achieved, the Parties were adequately informed to weigh the benefits of settlement against further litigation and determine settlement to be the optimal result.

> ### ix.  *The Settlement Agreement contains all agreed upon terms.*

Rule 23(e)(3) requires that settling parties identify all agreements made in connection with the proposed Settlement. Here, the Settlement Agreement contains the entire agreement of the Parties; there are no side agreements. [*See* ECF No. 121-1 ¶ 23].

Accordingly, each of these factors supports a finding that the Settlement is fair, adequate, and reasonable and weighs in favor of final approval.

### B. The Notice Program satisfies Rule 23 and Due Process and constitutes the best notice practicable.

This Court has already determined that the notice program in this case satisfies Rule 23 and Due Process. [ECF No. 126 at 1; *see also* ECF No. No. 114 (quoting *Juris v. Inamed Corp.*, 685 F.3d 1294, 1321 (11th Cir. 2012)).

The Settlement Administrator has now fully implemented the notice program, providing an estimated 94.4% of Settlement Class Members with notice, which is well within the range endorsed by the Federal Judicial Center. *See* Epiq Decl. ¶¶ 18, 28-29; *see also* Managing Class Action Litigation: A Pocket Guide for Judges, p. 27 (3d ed. 2010) (noting that the norm is somewhere between 70-95%).

What is more, the Settlement Administrator continues to maintain the Settlement Website, toll-free phone line, and mailing address, and will continue to respond to inquiries from Settlement Class Members. Accordingly, the notice provided to Settlement Class Members fulfills all requirements of Rule 23 and Due Process and constitutes the best notice practicable under the circumstances.

### C. Final certification of the Settlement Class is appropriate

In its Preliminary Approval Order, the Court provisionally certified the Settlement Class upon concluding all of the requirements of Rule 23(a) and (b)(3) were satisfied. [*See* ECF No. 126 at 2-3]. Specifically, the Court found: (1) the Settlement Class is so numerous that joinder of all

13

members is impracticable; (2) there are questions of law or fact common to the Settlement Class based upon the claims raised in the Complaint; (3) Shutler's claim is typical of the claims of the Settlement Class; (4) Shutler and Class Counsel will fairly and adequately protect the interests of the Settlement Class; and (6) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating this case. [*See generally* ECF No. No. 126].

For the same reasons, this Court should grant final certification of the Settlement Class for settlement purposes only.

## V.  CONCLUSION.

Based on the foregoing, Shutler and the Class Members respectfully request that this Court issue an Order: (i) granting final approval of the Settlement as fair, reasonable, and adequate; (ii) granting final certification to the Settlement Class; (iii) finding that the notice program as set forth in Paragraphs 8 and 9 of the Settlement Agreement and effectuated pursuant to this Court's Preliminary Approval Order satisfies the requirements of Federal Rule of Civil Procedure 23(c), 23(e), as well as Due Process, and constitutes the best notice practicable under the circumstances; and (iv) entering final judgment.

*(Signatures to follow)*

| | |
|---|---|
| Dated:  May 20, 2025 | Respectfully submitted,<br><br>*/s/ David Mitchell*<br>David Mitchell<br>Florida Bar No. 067249<br>7533 S. Center View Ct. #4424<br>West Jordan, UT 84084<br>385-440-4128<br>david.mitchell@thehqfirm.com<br><br>Thomas Alvord<br>Admitted *pro hac vice*<br>thomas@thehqfirm.com<br><br>Brittany Clark<br>Admitted *pro hac vice*<br>brittany.clark@thehqfirm.com<br><br>*Attorneys for Plaintiff* |