UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:23-cv-14337-KMM

MICHAEL SHUTLER individually and on
behalf of others similarly situated,

Plaintiff,

v.

CITIZENS DISABILITY LLC,

Defendant.
_____/

**ORDER**

THIS CAUSE came before the Court upon the Plaintiff Michael Shutler's Unopposed Motion for Final Approval of Class Settlement ("Motion" or "Mot.") (ECF No. 127) and Plaintiff Michael Shutler's Unopposed Motion for Class Counsel's Attorneys' Fees and Costs (ECF No. 128). This Order memorializes but does not modify the rulings made in open court at the Final Approval Hearing on June 3, 2025 (the "Hearing"). As set forth below, the Motion for Final Approval of Class Settlement (ECF No. 127) and Motion for Class Counsel's Attorneys' Fees and Costs (ECF No. 128) are GRANTED.

On September 9, 2024, this Court certified the following class:

> All people in the United States (1) who answered one or more prerecorded calls from Citizens, (2) made from the Pipes.ai calling platform, (3) between 11/8/2019 to 10/25/2023, (4) and at the time of the call Citizens' only lead source for the person called was GrantsAssistanceForYou.com.

(ECF No. 88 at 18). On November 4, 2024, this Court approved Plaintiffs' Motion to Disseminate Class Notice, after finding that the proposed notice plan afforded "the 'best practicable' notice under the circumstances. (ECF No. 114) (quoting *Juris v. Inamed Corp.*, 685 F.3d 1294, 1321 (11th Cir. 2012)). On November 21, 2024, the Parties filed a status report indicating that a class-

wide settlement had been reached. (ECF No. 115). Thereafter, the Parties filed a Joint Motion for Preliminary Approval of Class-Wide Settlement (ECF No. 121), which this Court granted. *See* (ECF No. 126).

Approval of a class action settlement is a two-step process. *See Bennett v. Behring Corp.*, 737 F.2d 982, 985 (11th Cir. 1984). The Court first grants preliminary approval of the class settlement and then, if appropriate, grants final approval of a class settlement. *Id.* at 986. A class settlement will be certified so long as it is "fair, adequate and reasonable and is not the product of collusion between the parties." *Id.* The Eleventh Circuit has

> identified the following factors as relevant to our review of whether a class settlement's terms are fair, reasonable and adequate: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

*In re CP Ships Ltd. Sec. Litig.*, 578 F.3d 1306, 1318 (11th Cir.2009) (quoting *Bennett*, 737 F.2d at 986). As discussed at the Hearing, the Court finds final approval of the class settlement appropriate.

As Class Counsel Brittany Clark ("Class Counsel") asserted in the Motion, and confirmed at the Hearing, "[t]here has been no objection and no opt-out to the Settlement." Mot. at 11. Moreover, there were no objections to the settlement raised at the Hearing and Class Counsel confirmed that no written objections have been filed. At the Hearing Class Counsel estimated that around fifteen (15) percent of class members have filed a claim, and that approximately 94.4% of class members have received notice of the settlement. Relatedly, Class Counsel asserts that "[a]s a result of the Settlement, it is estimated that each Class Member will obtain approximately $400-500 per claim. This is an excellent and substantial recovery in the TCPA settlement context. As one court noted, most TCPA settlements result in a 'range from $20 to $100 per-class

member.'" Mot. at 10–11 (citations omitted).  Furthermore, the Court finds awarding Class Counsel $96,000, or 30% of the total settlement fund, appropriate for the reasons set forth in the Motion and discussed at the Hearing.  *See* Mot. at 7 (citing *In re Home Depot Inc.*, 931 F.3d 1065, 1076 (11th Cir. 2019)) ("As a general matter, the Eleventh Circuit has set 20-30% of the fund as a 'benchmark range' under the percentage-of-fund method.").

Accordingly, UPON CONSIDERATION of the Motions, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Plaintiff Michael Shutler's Unopposed Motion for Final Approval of Class Settlement (ECF No. 127) and Plaintiff Michael Shutler's Unopposed Motion for Class Counsel's Attorneys' Fees and Costs (ECF No. 128) are GRANTED.  The Clerk of Court is INSTRUCTED to CLOSE THIS CASE.

DONE AND ORDERED in Chambers at Miami, Florida, this 3rd day of June 2025.

*K. M. Moore*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c:  All counsel of record